GEOGHEGAN, J.
Motion for new trial.
In this ease the court applied the doctrine of Hinkle v. Sage, 67 Ohio St., 256, and Merrick v. Ditzler, 91 Ohio St., 256, as to the degree of proof required where the action is based upon a contract to pay for services rendered the estate of a deceased person, by one living in a common household with that person, and it is principally urged as a ground for a new trial herein that the evidence offered by the plaintiff was insufficient to meet the requirements laid down in the aforesaid cases. This was argued so vehemently that the court had some apprehension that he had not laid down the rule as carefully as is required by the Supreme Court in this class of cases, and he therefore had a transcript of his charge made, and upon examination thereof, finds that the rule was laid down so explicitly and so carefully as to set aside all doubt as to a possible misapplication of the rule by the jury and this is fortified by the special finding of the jury that there was an express contract to pay for the services out of the estate of the decedent. So that the only question remaining is whether the evidence offered justified such a finding by the jury.
An examination of the ease of Hinkle v. Sage, supra, discloses that the Supreme Court did not intend to lay down the rule that the only bind of contract of this character that could be sustained must be one that is supported by direct evidence. On the contrary the court in its opinion, on page 263, says:
“Although an actual contract, one capable of enforcement as such, must be clearly and unequivocally proved, it may be *477 proved by either direct or indirect evidence. Express contracts which are proved by the declarations and conduct of the parties and other circumstances, all of which are explainable only upon the theory of a mutual agreement, are often called, although not with entire accuracy, implied contracts (15 Am. & Eng. Eney. Law [2d. Ed.], 1078) ; and this distinction will explain the ambiguity of some authorities and the apparent contrariety of others. All of the authorities, however, seem to agree that in suits for compensation for services, where a family relation is conceded or shown to exist, an actual contract must be clearly proved. Such contract may be in writing or it may rest entirely in parol, but it must nevertheless be a .contract, and in our opinion it is a misnomer to denominate it an implied contract. ’ ’
And in Merrick v. Ditzler, supra, the court in the second proposition of the syllabus say:
“Such contract may be in writing or it may rest entirely in parol and it may be proved by direct or indirect evidence.”
There was evidence in this case that the defendant, acting as agent for her imbecile husband, the decedent herein, requested the plaintiff, who was her brother, to come up and help her take care of the decedent, for which service he was to be well paid out of the estate. If the jury believed this to be the true situation in regard to the controversy between the parties herein, and were convinced of this and it was clear to their minds that this was the situation, why then they would be justified in finding a verdict for the plaintiff as they did.
The trial of this case lasted many days. There w,as a great deal of evidence offered both as to the nature of the agreement between the parties hereto and as to the nature of the services performed by the plaintiff herein. The jury were carefully instructed that they must find an express contract by clear and convincing evidence. This instruction was not only given in the court’s general charge, but frequently during the trial of the case the court took occasion to say both to counsel and the jury that such was the state of the law in regard to cases of this kind.
*478 The court upon reflection is not prepared to s,ay that the jury were not justified in finding from the evidence offered, and in the light of the language of the Supreme Court quoted above from Hinkle v. Sage, as to how such a contract may be proved, that there was such a contract existing between the parties and that the proof thereof was clear .and convincing, and the motion for a new trial will therefore be overruled.